# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL CITRUS INTERNATIONAL INCORPORATED, | ) ) ) | |
| Plaintiff | ) ) | No. 04 C 6402 |
| v. | ) ) | Hon. Michael T. Mason |
| JEROME REMIEN, THE JEROME REMIEN REVOCABLE TRUST, BURTON URY, and URY CORP. | ) ) ) ) | |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court are plaintiff General Citrus International Incorporated's ("General Citrus") motions *in limine* and defendant Jerome Remien's ("Remien") motions *in limine*. Defendants Burton Ury ("Ury") and the Ury Corporation ("Ury Corp.") (collectively the "Ury Defendants") elected not to file any motions *in limine*. This Court heard oral arguments on the motions *in limine* on July 29, 2009. For the reasons set forth below General Citrus' motion to bar defendants from relitigating issues resolved on summary judgment [191] is granted, General Citrus' motion to bar evidence of the parties' negotiations and dealings [192] and motion to bar evidence of whether General Citrus gave notice to LaSalle [190] are denied, and Remien's motion against General Citrus [188] and his motion against Ury Corp. [184] are both denied.

## RELEVANT FACTUAL BACKGROUND

This case stems from General Citrus' sale of certain assets to Avoco

International LLC ("AI LLC"), an entity formed by Ury, Remien, and various non-parties. In order to finance its purchase of those assets, AI LLC borrowed money from LaSalle Bank. AI LLC's debt to LaSalle is referred to as the "Senior Indebtedness" or, alternatively, the "LaSalle Notes." AI LLC also financed its purchase of the assets through a term loan from General Citrus (the "General Citrus Note").

At the time of the sale, General Citrus, AI LLC, Remien, Ury and other non-parties executed a subordination agreement (the "Subordination Agreement"). The Subordination Agreement states that AI LLC's debt to General Citrus is subordinate to the Senior Indebtedness. It further provides that General Citrus shall not commence any action against the borrower (AI-LLC) or guarantors (Remien and Ury) "until all of the Senior Indebtedness has been satisfied and paid in full." Ury and Remien each guaranteed up to $1,000,000 of AI LLC's debt to LaSalle under the LaSalle Notes (the "Ury Guaranty" and the "Remien Guaranty," respectively). The Remien Guaranty cannot be enforced until the holder of the LaSalle Notes uses "commercially reasonable efforts" to pursue its remedies against Ury under the Ury Guaranty. Remien also guaranteed up to $500,000 of AI LLC's obligations under the General Citrus Note (the "Remien Subordinated Guaranty").

AI LLC defaulted on its obligations to LaSalle and General Citrus. After a representative of LaSalle informed Ury that the bank would require him to pay AI LLC's debt pursuant to the Ury Guaranty, Ury came up with the idea of creating a corporation to provide payment to LaSalle. That corporation became Ury Corp. LaSalle and Ury Corp. executed the "Assignment," which purported to transfer the LaSalle Notes to Ury Corp. Remien subsequently relied on the Assignment as a defense to General Citrus'

request for payment under the Remien Subordinated Guaranty.

Through this action, General Citrus seeks $500,000 - the outstanding indebtedness owed by AI LLC and guaranteed by Remien - along with interest, attorneys' fees and expenses. On August 24, 2006, General Citrus filed its second amended complaint (the "Complaint"), the operative complaint in this case. In the Complaint, General Citrus asserts a claim against Remien for breach of the Remien Subordinate Guaranty (Count I) and against Ury and Ury Corp. for tortious interference with the Remien Subordinate Guaranty (Count III).[1] Ury Corp. filed a counterclaim against General Citrus, seeking a declaration that the Assignment is legal, valid and enforceable, and that Ury Corp. is entitled to payment of the LaSalle Notes from Remien to the extent of the Remien Guaranty before General Citrus receives payment under the Remien Subordinate Guaranty. Ury Corp. also filed a cross-claim against Remien, seeking $795,894.74, plus interest, costs and attorneys' fees, in a total amount not to exceed $1,000,000. In that cross-claim, Ury Corp. alleges that Remien is liable for the outstanding Senior Indebtedness pursuant to the Remien Guaranty, initially executed in favor of LaSalle Bank and now held by Ury Corp by virtue of the Assignment.

General Citrus moved for summary judgment on Counts I and III and Ury's counterclaim. The Ury Defendants sought judgment as a matter of law on Count III and on Ury Corp.'s counterclaim, and Remien filed a motion for summary judgment on Count I. Neither Remien nor Ury Corp. moved for summary judgment on Ury Corp.'s

---

[1] General Citrus also asserted a claim against Remien and the Remien Trust for breach of fiduciary duties. We dismissed that count on summary judgment without opposition. Accordingly, the Remien Trust is no longer a party to this action.

cross-claim.

This Court entered judgment in favor of General Citrus with respect to its claim for breach of contract against Remien in part, and found that Remien's obligation to provide payment to General Citrus under the Remien Subordinate Guaranty was ripe "at least" as of the date of that opinion. As set forth in more detail in the Memorandum Opinion and Order dated February 26, 2009, this Court also found that: (1) Ury Corp. is Ury's alter ego, and (2) the Assignment of the LaSalle Notes to Ury Corp. lacked consideration and therefore the Assignment is void as a matter of law. No party sought reconsideration of that order or requested certification for an immediate appeal under Fed. R. Civ. P. 54(b). Subsequently, we set this case for a bench trial beginning August 24, 2009.

**LEGAL STANDARD**

This Court has broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Our power to exclude evidence *in limine* derives from our authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* should only be granted where the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* With these guidelines in mind, we turn to the motions before this Court.

**ANALYSIS**

### 1. *General Citrus' Motion in Limine to Bar Defendants from Relitigating Issues Resolved on Summary Judgment*

General Citrus moves to bar "all evidence that is solely relevant to those issues already determined on summary judgment." In opposing General Citrus' request, the Ury Defendants argue that Fed. R. Civ. P. 54(b) establishes that "nothing in the court's summary judgment order . . . forecloses any issue raised by the pleadings." Remien also relies on Fed. R. Civ. P. 54(b) to oppose plaintiff's motion.[2] Defendants' reliance on Fed. R. Civ. P. 54(b) as the basis for reconsideration of our findings on summary judgment is contrary to the plain language of that rule. *See, e.g. Village of Schaumberg v. St. Paul Mercury Ins. Co.*, 2009 U.S. Dist LEXIS 42515, * 2 (N.D. Ill. May 20, 2009) (stating that a motion to reconsider an interlocutory order is permissible pursuant to Fed. R. Civ. P. 54(b) only if the court has "patently misunderstood a party" or "made an error not of reasoning but of apprehension.") (quotations omitted).

Pursuant to Fed. R. Civ. P. 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," such as this Court's summary judgment order, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This language permits revision of our summary judgment determination, in whole or in part, at any time prior to the entry of final judgment. It does not obligate this Court to reconsider our summary judgment ruling, or to consider evidence that is otherwise inadmissible pursuant to Fed. R. Evid. 402.

---

[2]Contrary to the arguments in his response to General Citrus' motion, Remien also argues, in the context of his motion *in limine* against Ury Corp., that our summary judgment ruling precludes the introduction of "all evidence" related to Ury Corp.'s cross-claim.

Although not directly addressed in General Citrus' motion, we find that plaintiff's request is governed by the "law of the case doctrine." *See Carr v. O'Leary,* 167 F.3d 1124, 1125 (7th Cir. 1999) (where the trial court entered an order granting partial summary judgment, resolving the issue of liability and reserving determination of damages for trial, that order is the law of the case). As the Seventh Circuit has explained, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 606 (7th Cir. 1986). Accordingly, the law of the case doctrine "binds a court to its own previous decision on issues arising earlier in the litigation." *Waid v. Merrill Area Public Schools*, 130 F.3d 1268, 1272 (7th Cir. 1997). The doctrine "is a rule of practice, based on the sound policy that, when an issue is once litigated and decided, that should be the end of the matter." *Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 912 (7th Cir. 2005) (quotations omitted). "Such consistency 'protects parties from the expense and vexation attending multiple law suits, conserves judicial resources, and fosters reliance on judicial action. . . .'" *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991) (quoting *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 974 (1979)).

The law of the case doctrine precludes defendants' efforts to relitigate Remien's liability under the Remien Subordinated Guaranty at any time prior to February 26, 2009, and our related findings that Ury Corp. is Ury's alter ego and that the Assignment lacked consideration. As General Citrus observes in its motion, an order granting judgment is not a "mere first draft[], subject to revision and reconsideration at [defendants'] pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D.

282, 288 (N.D. Ill. 1988). It cannot be changed without good reason. *See Forsythe v. Black Hills Corp.*, 2007 U.S. Dist. LEXIS 17814, *23 (N.D. Ill. Mar. 12, 2007) (noting that "the ruling on the motion for partial summary judgment is the law of the case and cannot be changed unless plaintiffs show a good reason to do so.") (quotation omitted). Accordingly, absent a showing of good cause, this Court will not revisit the issues resolved in connection with our summary judgment determination.

General Citrus' motion does not identify any specific exhibit proposed by Remien that "would be relevant solely to the issues resolved on summary judgment." Remien asserts, in his response, that the evidence he intends to offer "is relevant for trial and not an attempt for redetermination of issues already resolved in the summary judgment motion." Accordingly, to the extent General Citrus' motion seeks a ruling barring *in limine* any of Remien's proposed exhibits, it is denied.

General Citrus moves to bar documents, identified as the Ury Defendants' proposed exhibits UX1 through UX8, that "purport to manifest Ury Corp.'s alleged adherence to corporate formalities." General Citrus also seeks to preclude the Ury Defendants' "plan to rehash with live witnesses the issues resolved on summary judgment." The Ury Defendants do not dispute General Citrus' characterization of the proposed evidence. Rather, they argue that these documents (and, presumably, any related testimony) are "probative to the issues contained in the pleadings," and are therefore admissible. This argument is not persuasive for the reasons set forth above. General Citrus' request to preclude the Ury Defendants from rehashing issues resolved on summary judgment through the introduction of exhibits and/or live testimony is granted.

7

The Ury Defendants also argue that they did not present evidence intended to show Ury Corp.'s adherence to corporate formalities because "General Citrus did not raise inadequacy of corporate records as an issue for summary judgment." This argument ignores the record in this case.

In its counterclaim, Ury Corp. alleges that "the Assignment Agreement is legal, valid and enforceable" and that "Ury Corporation is entitled to recover from Jerome Remien" pursuant to the Remien Guaranty before General Citrus can collect amounts due under the Remien Subordinated Guaranty. General Citrus denied Ury Corp.'s allegations and asserted, as its forth affirmative defense, that Ury Corp. is "the alter ego of Burton Ury." This allegation notified the Ury Defendants that Ury Corp.'s status was at issue in this case.

In its summary judgment motion, General Citrus argued that "the undisputed facts relating to Ury's relationship to Ury Corp. establish that the corporation is his alter ego and should be disregarded under the black letter law of corporate veil piercing." General Citrus also relied on Ury's deposition testimony that Ury Corp. had not engaged in any corporate actions since May 2004. These allegations placed Ury Corp.'s adherence to corporate formalities squarely at issue, and obligated the Ury Defendants to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). In considering General Citrus' request to pierce the corporate veil, this Court had to examine Ury Corp.'s alleged failure to observe corporate formalities and absence of corporate records. *See Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 778 (Ill. App. Ct. 2005) (*citing Jacobson v. Buffalo Rock*

8

*Shooters Supply, Inc.*, 664 N.E.2d 328, 331 (Ill. App. Ct. 1996)) (setting forth factors for the "unity of interest and ownership" prong of the piercing the corporate veil test). The exhibits at issue were clearly relevant to that consideration.

The Ury Defendants produced proposed exhibits UX1 - UX8 in the course of discovery, and were aware of their existence during the summary judgment phase of this case. Moreover, in oral arguments before this Court, Ury's counsel conceded that the documents are "relevant" to Ury Corp.'s status as Ury's alter ego. Accordingly, we find that the Ury Defendants had a fair opportunity to present proposed exhibits UX1 - UX8 at summary judgement. Their failure to include those exhibits in the record before this Court, or even reference the documents in their statement of facts submitted pursuant to Local Rule 56.1, demonstrates a lack of concern for the interest of judicial economy and limited resources of this Court. Moreover, that failure is not an "extraordinary circumstance" justifying reconsideration of our findings on summary judgment. Accordingly, General Citrus' request to bar proposed exhibits UX1 through UX8 and to preclude the Ury Defendants from revisiting our findings that Ury Corp. is Ury's alter ego and the Assignment lacked consideration is granted. To the extent Ury contends UX1 through UX8 are relevant to any remaining issue before this Court, he may move to admit those documents at trial. Ury should be prepared to provide a well supported argument in support of any such request.

### 2. *General Citrus' Motion in Limine to Bar Evidence of the Parties' Negotiations and Dealings*

Next, General Citrus seeks to exclude *in limine* evidence "relating to the role of Scott Alexander (and possibly other General Citrus representatives) in the negotiation of

9

Remien's Subordinated Guaranty and the parties' Subordination Agreement, as well as Mr. Alexander's ostensible sophistication as a businessman." General Citrus states that "[t]he evidence targeted by this motion includes the designations made by Remien to the deposition of Scott Alexander at pp. 4-5, 27, 30-31, 41-44, and 48-49, as well as any live testimony of a similar nature." This testimony discusses General Citrus' understanding of various documents related to the sale of its assets to AI LLC, as well as the state of the company in 2001.

Remien opposes General Citrus' motion on the grounds that this Court has not entered final judgment on General Citrus' claims against him, and Mr. Alexander's testimony "is relevant as to plaintiff's knowledge of the Subordination Agreement and the effect of the Subordination Agreement." This Court has already entered judgment in favor of General Citrus with respect to liability on plaintiff's claim for breach of the Remien Subordinated Guaranty. As discussed above, we see no reason to revisit that holding. However, this Court has not yet determined Remien's liability prior to February 26, 2009. It appears that Mr. Alexander's testimony may be relevant to that issue. Mr. Alexander's testimony may also be admissible as extrinsic evidence of the parties' intent, should the Court find that a provision of the Remien Subordinated Guaranty and/or Subordination Agreement is ambiguous. *See e.g. Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1993), cert denied, 510 U.S. 909, 114 S.Ct. 291 (1993) ('the parol evidence rule, which enforces integration clauses by barring evidence of side agreements, does not bar the use of extrinsic evidence to clarify the meaning of an ambiguous text."); *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999) ("If . . . the trial court finds that the language of the contract is susceptible to more

than one meaning, then an ambiguity is present. Only then may parol evidence be admitted to aid the trier of fact in resolving the ambiguity")(internal citations omitted). Accordingly, General Citrus' second motion *in limine* is denied.

### *3.    General Citrus' Motion in Limine to Bar Evidence as to Whether General Citrus Gave Notice to LaSalle*

Finally, General Citrus moves to preclude Remien from offering evidence of its alleged failure to provide notice to LaSalle Bank of AI LLC's default pursuant to the Subordination Agreement.  General Citrus states that Remien will attempt to introduce evidence of the lack of notice to LaSalle in order to show his "good faith belief that he was not liable to General Citrus, which he contends is relevant to the claim for prejudgment interest."  General Citrus argues that the evidence does not support Remien's alleged good faith belief, and further argues that this evidence is not relevant because it is based on a "misreading" of the parties' contract and the governing law. *See, e.g. Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("A good-faith dispute would preclude an award for prejudgment [interest] in claims brought for unreasonable refusal to pay but would not preclude an award in a claim brought under a written instrument.") (quotation omitted).

Remien takes issue with General Citrus' characterization of his proposed arguments at trial, and contends that he is entitled to present evidence showing that General Citrus failed to fulfill the condition precedent under paragraph five of the Subordination Agreement.  He also contends that his obligations under the Remien Subordinate Guaranty were not ripe until February 26, 2009, and that the absence of notice to LaSalle is probative of that issue.  Finally, Remien argues that "the decision

11

whether to award prejudgment interest under Section 2 of the Illinois Interest Act is within the trial court's discretion" *See Knoll Pharm. Co. v. Auto. Ins. Co.*, 210 F.Supp. 2d 1017, 1026 (N.D. Ill. 2002). Remien states that "[i]n the absence of allowing evidence concerning whether General Citrus ever fulfilled the condition precedent on the notice requirement, this Court will be unable to exercise its discretion."

In oral arguments before this Court, General Citrus and Remien disputed the standard for awarding prejudgment interest, as well as the validity and relevance of any notice to AI LLC. These issues are best resolved at trial. General Citrus' third motion *in limine* is denied.

### *4. Remien's Amended Motion in Limine Against General Citrus*

Remien moves *in limine* to limit trial testimony and reference to any claim for attorneys' fees by General Citrus and against Remien on the grounds that such information is not relevant. Remien also moves to exclude plaintiff's trial counsel Kevin Duff ("Mr. Duff") as a witness because he was not disclosed until July 1, 2009.

General Citrus seeks to recover $500,000, plus interest, fees and expenses from Remien pursuant to the Remien Subordinated Guaranty. In his motion, Remien asserts that the Remien Subordinated Guaranty "is a limited guaranty with a cap of $500,000" and "any attorneys' fees are subject to the $500,000 Guaranty Limitation." Because the loan balance exceeds the Guaranty Limitation, Remien argues that attorneys' fees "can never be awarded," and therefore evidence of attorneys' fees in reference to Count I "is irrelevant."

General Citrus disputes Remien's interpretation of the Guaranty Limitation. In its response, General Citrus argues that it is "contractually empowered to recover two

12

types of damages from Remien: (a) the debt owed by AI LLC under the note; *plus* (b) the legal expenses incurred in collection and enforcement of General Citrus' rights, both of which are subject to separate 'Guaranty Limitations' of $500,000." General Citrus also contends that Remien's motion merely purports to seek the exclusion of evidence, but is in fact "a belated motion for a substantive ruling on the merits of General Citrus's fee claim." We agree. This Court will not interpret a potentially ambiguous agreement in the context of a motion *in limine*. Accordingly, Remien's request that this Court find the Guaranty Limitation renders all evidence related to General Citrus' claim for attorneys' fees irrelevant and inadmissible at trial is denied.

Remien also seeks to bar Mr. Duff's testimony because he was not identified in plaintiff's Fed. R. Civ. P. 26(a)(1) initial disclosures, and was not disclosed as a witness until July 1, 2009. In opposing this request, General Citrus states that its response to Ury's First Set of Interrogatories served on July 30, 2007 disclosed that "periodic invoices submitted to General Citrus by its attorneys" support its claim for attorneys' fees. General Citrus also states that Mr. Duff is a rebuttal witness who will be called only if defendants challenge the reasonableness of the fees. In oral arguments before this Court, General Citrus stated that Mr. Duff may also be called to rebut Remien's allegations regarding lack of notice.

In the prayer for relief section of the Complaint, General Citrus asks this Court to "award costs and attorneys' fees." Accordingly, Remien was aware of General Citrus' efforts to recover fees and costs. Common sense - and plaintiff's July 30, 2007 discovery responses - informed him that those costs and fees would be supported by billing statements from General Citrus' counsel. In the event defendants elect to

challenge those fees, General Citrus may be allowed to call Mr. Duff to testify. We will determine that issue at trial, and not in the context of a motion *in limine.* Accordingly, Remien's request to bar Mr. Duff's testimony is also denied.

## 5.     *Remien's Motion in Limine Against Ury Corp.*

In his second motion, Remien asks that "all evidence on the cross-claim of Ury Corp. against Jerome Remien be excluded from the trial." Remien argues that, as a result of this Court's findings on summary judgment, "Ury Corp. is not the holder of the Remien Guaranty and no basis of liability exists from Mr. Remien to Ury Corp." Remien also argues that "all proposed testimony and documentary evidence by [Ury Corp.] concerning the cross-claim is not relevant under Rule 401 of the Federal Rules of Civil Procedure[3] and should be excluded from trial as irrelevant evidence under Rule 402 of the Federal Rules of Evidence." Aside from these brief citations, Remien does not provide any further supporting authority for his request.

The Ury Defendants' response in opposition to Remien's motion is wholly deficient. The Ury Defendants state only that "Jerome Remien asserts the same theories as does General Citrus. He, therefore, should not be permitted to exclude [the] corporate records of Ury Corp. and supporting documents at trial." This does not address the merits of Remien's motion, or recognize the scope of his request.

Remien's argument should have been presented through a dispositive motion, rather than an evidentiary motion filed on the eve of trial. *See Nat'l Jockey Club v. Ganassi*, 2009 U.S. Dist. LEXIS 62235, *13 (N.D. Ill. July 21, 2009) (noting that motion

---

[3]Presumably, Remien intended to argue that Ury Corp.'s proposed evidence is not relevant under Fed. R. Evid. 401.

to bar defendants from presenting any evidence of damages in support of counterclaims "would have been better presented via a dispositive motion, where the court would have had the opportunity to review all of the relevant evidence in the record in an orderly and complete fashion."). Remien does not explain why he neglected to move for summary judgment. Moreover, Remien's reference to "all proposed testimony and documentary evidence" is too vague to merit consideration. This Court simply cannot determine what evidence Remien seeks to exclude. *See United States v. Karamuzis*, 2004 U.S. Dist. LEXIS 19729, * 9 (N.D. Ill. Sept. 28, 2004) (finding request to bar any claim, evidence or testimony based on equitable defenses was overly vague and did not merit consideration). For each of these reasons, Remien's second motion *in limine* is denied. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (reasoning that motions *in limine* allow the trial judge to eliminate from further consideration evidentiary submissions that "clearly would be inadmissible for any purpose.").

**CONCLUSION**

For the reasons set forth above, General Citrus' motion *in limine* to bar defendants from relitigating issues resolved on summary judgment is granted, and the remaining motions *in limine* are denied. It is so ordered.

                                  **ENTERED:**

                                  *[signature]*

                                  **MICHAEL T. MASON**
                                  **United States Magistrate Judge**

**Dated: August 10, 2009**